Dortch-Okara, J.
By this action, plaintiff Allan Afrow (“Afrow”) seeks compensation for alleged age and handicap discrimination, wrongful termination, breach of the implied covenant of good faith and fair dealing, and slander. These claims arise out of the termination of his employment as in-house General Counsel for defendant Cumberland Farms, Inc. (“CFI”). Now before the court are two related motions. CFI moves the court to dismiss Afrow’s claims in their entirety, or to prohibit his or his attorney’s use of confidential and privileged information obtained during Afrow’s employment as General Counsel and to disqualify Afrow’s attorneys from representing him in this action. Afrow moves for sanctions against CFI for improper interference with deposition testimony and to compel deposition testimony and for attorneys fees. *201 After hearing and consideration of the memoranda and exhibits of the parties, the court denies CFI’s motion and allows Afrow’s motion to the extent stated, herein.
DISCUSSION
CFI’S Motion to Dismiss
The current discovery dispute arises out of a deposition taken by Afrow of one of CFI’s senior officers, Francis G. Lochlin (“Lochlin”). In the course of that deposition, Lochlin testified to discussions in which the so-called “50/50 rule”[1] was mentioned by CFI officials. Following this testimony, CFI’s counsel prohibited further questioning of Lochlin concerning CFI’s termination practices. This action was taken in spite of the fact that counsel had repeatedly cautioned Lochlin that he was not to testify to conversations in which Afrow was present and was giving or sharing legal advice, or conversations in which confidential information was communicated by Afrow. In addition to terminating Lochlin’s deposition, counsel for CFI canceled other outstanding depositions of CFI officials. CFI asserts that the termination practices about which Afrow’s counsel inquired must have come to light through Afrow’s disclosure of privileged communications to his attorneys. For this reason, CFI’s counsel prohibited further discoveiy in this area and filed the present motion.
While it is not necessarily true that the information obtained by Afrow’s counsel upon which his questions were based came directly from Afrow, the court assumes for purposes of these motions that it did. The more important issue is whether Afrow’s revelations to his attorneys concerning CFI’s termination policies were in fact privileged communications. According to Lochlin’s deposition testimony, the 50/50 rule and CFI’s ideas on reducing overhead were “the subject of general conversation among members of the (CFI) management team.’’[2] This testimony was given after numerous reminders by CFI counsel not to reveal privileged communications. Thus, the contents of Lochlin’s testimony were not confidential and Afrow’s communication of this information to his attorneys would not breach client confidences.
Even if one considered the information divulged by Lochlin privileged communications, Afrow has violated no ethical rule in relaying it to his attorneys for purposes of this litigation. The Supreme Judicial Court touched on this issue in GTE Products Corp. v. Stewart, 414 Mass 721 (1993) (Stewart I). There, the Court affirmed the denial by a judge of the Superior Court of the company’s motion for the return of company documents in a wrongful termination case brought by former in-house counsel for the plaintiff corporation. There is no reason to believe the sharing of confidential documents by in-house counsel with his attorney for the sole purpose of proving his wrongful termination claim should be treated differently from the sharing of confidential information with one’s attorney in a similar type of action.
This court (Butler, J.) has previously ruled on a discoveiy dispute concerning a related issue. Relying on GTE Products, Corp. v. Stewart; Langford, 421 Mass. 22 (1995) (Stewart II), this court ruled that Afrow could override the attorney-client privilege for the limited purposes of obtaining privileged documents that revealed the reasons CFI fired him [5 Mass. L. Rptr. No. 6, 581 (September 30, 1996)]. In Stewart II, the Court cautioned that in-house counsel may pursue his wrongful termination claim only if he can do so without divulging client confidences in violation of attorney disciplinary rules. Here, Afrow’s defense of himself against CFI’s accusation of poor job performance is sufficient to bring him in compliance with the disciplinary rules, especially where no confidences have been offered in evidence or made public.
Afrow’s Motion for Sanctions
Afrow has moved the court pursuant to Mass.R.Civ.P. 37 to sanction CFI for their attorney’s improper conduct in terminating Lochlin’s deposition and canceling other noticed depositions. Clearly, the interruption of the Lochlin deposition was improper. The court’s ruling on CFI’s motion to dismiss illustrates the reason. Moreover, the prior ruling of this court (Butler, J.) gave CFI no reason to suspect that its position would be supported. This leads to the conclusion that CFI’s attorney acted only for strategic advantage and not out of concern that Lochlin had revealed privileged communications or that Afrow had violated client confidences.
The court will not rule on Afrow’s request for a curative jury instruction at this time. That matter should be left to the discretion of the trial judge and this court takes no position on the issue. The court also denies Afrow’s request for a discovery master at CFI’s expense. This request may be renewed if necessary at a later date. Afrow is entitled to receive the cost of this motion and the cost of his opposition to CFI’s motion to dismiss. The court rules that CFI’s counsel acted without justification in terminating Lochlin’s deposition and in canceling the previously noticed depositions. The resulting motion to dismiss appears simply a pretextual justification of the improper actions taken at Lochlin’s deposition. The parties shall resume discoveiy and all previously noticed depositions shall be completed.
ORDER
Accordingly, it is hereby ORDERED that CFI’s motion to dismiss claims, preclude the use of privileged information and for disqualification of counsel is DENIED. It is further ORDERED that Afrow’s motion for sanctions is ALLOWED to the extent that the court ORDERS that the witnesses who were the subject of the previously noticed depositions, including Francis Lochlin, appear and give full and complete testimony *202 and that Afrowis awarded the attorneys fees and costs incurred in these motions. The court will receive affidavits of Affow’s attorneys fees and costs if filed within thirty days of the date of this order in accordance with Rule 9A. Any counter-affidavits or opposition of CFI shall be included in the package filed by Afrow. Afrow’s motion is otherwise DENIED. It is further ORDERED that the parties present a proposed discoveiy schedule for consideration by this court at the final pretrial conference scheduled to take place in April.

 It is plaintiffs position that the 50/50 rule was that people over fifty years old or earning over $50,000 or both would be looked at as potential candidates for layoff.

 Deposition of Francis G. Lochlin, page 44.